White et al. vs. Friedlander et al.

WHITE et al. vs. FRIEDLANDER et al.

1. USURY: *Including in note for account, interest not due.* -

An Arkansas note executed at the maturity of a bill for goods, for the aggregate amount of the bill and interest on it at ten per cent. per annum from the date of purchase instead of from its maturity, is void for usury.

2. LEX LOCI: *By what law contracts governed : Laws of other states must be proved.*

A note made in Arkansas, and payable in Tennessee, will be governed by the laws of Tennessee; and in the absence of proof of the law of Tennessee, such note, though usurious if governed by the laws of Arkansas, will be enforced in her courts.

APPEAL from *Lee* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Rose*, for appellant.

*Brown, contra.*

EAKIN, J. Appellants, merchants at Memphis, sued appellees, Friedlander & Co., a firm doing business at Marianna, Lee county, Arkansas, in the court of common pleas of that county, upon two notes, dated, both, on the thirty-first day of May, 1877, and payable to appellants, or their order, in Memphis, Tennessee. One was for $50, payable October first, after date; the other for $293.92, payable November first, after date. No interest was expressed on the face of either.

Defendants pleaded usury, stating that on said thirty-first of May, 1877, they owed appellants, on account, for invoices of goods sold, $509.92, of which they paid, in cash, $50, leaving $459.92. That, to satisfy said balance, they gave plaintiffs, upon agreement, five notes, four of which, for $50 each, were made payable, respectively, on the first days of July, August, September and October; and the fifth, for $293.92, was made payable on the first of November, all next after date. Upon the last note there was a credit of cash, $75, on the eighteenth of December, 1877.

The court of common pleas, on trial, rendered judgment in favor of plaintiffs for $272.08, after having deducted

$4.15 on account of an error in the calculation of interest. Defendants appealed to the circuit court, where the matter was again heard by the court sitting as a jury.

It appeared in proof, that on the twentieth day of February, 1877, defendants bought of plaintiffs a bill of goods, invoiced to the amount of $475.57, to be paid for in sixty days. On the sixth of March, 1877, they bought, on the same terms, another bill of $34.35. The bills remained unpaid until the last day of May, when defendants paid $50 cash, and gave the notes in question for the balance. The plaintiffs offered to remit a small excess, arising from a mistake in calculation, which the court held competent, so far as it was only an error in calculation; but as it did not cure the usury, and inasmuch as the interest had been calculated on the invoice from the date of the sales, the court gave judgment against the appellants with costs. A motion for a new trial was overruled, and bill of exceptions taken.

1. USURY: Including in note for account interest not due.

All the notes were executed together, and must be all considered together in estimating the nature of the agreement in accordance with which they were executed. Without descending to minutiæ, it is evident that the intention of the parties was to charge, in the notes, interest at the rate of ten per cent. per annum, from the time of the invoices of goods furnished, instead of interest from the expiration of sixty days.

The purchasers had sixty days, under the agreement, from the date of each invoice, to pay it. Only that amount, and no more, was demandable by the vendors at the end of the time. It is to be presumed that the parties, on both sides, bargained on this basis; and that the vendors had recompensed themselves for the delay in the prices charged, and the purchaser had agreed to give that much in consid-

White et al. vs. Friedlander et al.

eration of the delay. There was no moral obligation, nor any reason, save in the nature of a penalty, why the purchaser, on the failure of payment at the end of sixty days, should pay interest at the rate of ten per cent. per annum from the date of the purchase. Such an express agreement might be permissible, but in the absence of proof of it the vendor would not have the right to exact such terms.

The agreement, carried into effect by the execution of the notes, to pay ten per cent. interest, by relation, from the time of the purchase,—making all together a larger amount than would have resulted from taking the sum actually agreed to be paid, and the subsequent interest at ten per cent. from the time it was due, would have been void, as usurious, if the transaction had been governed by the laws of Arkansas.

But the notes were made payable in Tennessee. There is no proof of what her laws were in this regard. If such contracts are void there, policy and comity forbid that we should lend the aid of our tribunals to enforce them. That however, should be shown affirmatively, otherwise we cannot presume that laws of a penal nature, involving forfeitures, are the same in other states with our own. Independently of statutes, there is no principle of common law defining usury, or punishing it by forfeitures. There was nothing in proof to show these notes illegal, by the laws of the place where they were to be paid.

*2. LEX LOCI: By what laws contracts are governed. Laws of other states must be proved.*

The circuit judge erred in refusing a new trial. Reverse the judgment, and remand the case for a new trial, as moved.